4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Clayton JONES, Defendant-Appellant.
 No. 93-5007.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-92-214-G)
 Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gary Clayton Jones entered a guilty plea to a charge of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp. 1993). He appeals the sentence imposed by the district court, contending that the court erred in failing to depart under guideline section 4A1.3* and in not granting him a reduction for acceptance of responsibility under section 3E1.1. We affirm.
 
 
 2
 After hearing a shot fired during a high school football game, police apprehended Jones in the stands, where spectators were holding him down. He had a .357 revolver in his hand and did not surrender it willingly. Although Jones's gun did not appear to have been recently fired, he was charged with possession of a firearm in a school zone and being a felon in possession of a firearm. Following one day of trial, he entered a guilty plea to being a felon in possession of a firearm.
 
 
 3
 Jones had a long record of assaultive conduct and offenses involving firearms, giving him a criminal history category of VI. Because he had at least two prior convictions which were crimes of violence, his base offense level under guideline section 2K2.1(a)(2) was set at twenty-four. Many of his prior convictions were misdemeanors under North Carolina law, but carried a maximum penalty of more than a year, and were thus treated as felonies. U.S.S.G.Secs. 2K2.1, comment. (n.5), 4B1.2, comment. (n.3), 4A1.2(o). Jones requested a downward departure on the ground that his criminal history overstated the seriousness of his criminal conduct. The district court decided that a departure was not in order. We do not review the district court's discretionary decision not to depart from the guideline range. UnitedStates v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 4
 Jones contends that his guilty plea entitled him to a reduction in offense level for acceptance of responsibility. The district court's determination that Jones had not accepted responsibility for his offense is reviewed for clear error. United States v. Harriott, 976 F.2d 198 (4th Cir. 1992). A guilty plea alone does not entitle a defendant to an adjustment under section 3E1.1. Entry of a guilty plea before trial commences is significant evidence of acceptance of responsibility, but may still be outweighed by conduct inconsistent with acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.3). Not only did Jones delay his plea until the government had been put to its burden of proof at trial, but in his interview with the probation officer after the guilty plea, Jones denied possessing the revolver. He told her that the police said it was his although they found it on the ground. At the sentencing hearing, defense counsel argued that Jones's guilty plea should outweigh his later disclaimer of guilt. However, a guilty plea does not obligate the district court to grant a reduction for acceptance of responsibility. United States v. Harris, 882 F.2d 902 (4th Cir. 1989). In light of Jones's denial of guilt, the district court's decision was not clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. To the extent the appeal contests the district court's decision not to depart, it is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)